IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| THYSSENKRUPP STAINLESS USA, LLC and THYSSENKRUPP STEEL AND STAINLESS USA, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 12-00189-KD-M |
| GIFFELS, LLC, | ) ) | |
| Defendant. | ) ) | |

## ORDER

This action is before the Court on its *sua sponte* inquiry into subject-matter jurisdiction, Plaintiffs' Motion to Stay Litigation Pending Completion of Arbitration (Doc. 48), and Defendant's motion for time to respond to Plaintiffs' motion to stay (Doc. 50). Upon consideration, the Court finds that this action is due to be **DISMISSED without prejudice** for lack of subject-matter jurisdiction. Accordingly, the motions are due to be **DENIED**.

### I. Procedural History

Plaintiff ThyssenKrupp Stainless USA, LLC ("TK Stainless") initiated this action by filing a Complaint on March 14, 2012. Before Defendant Giffels, LLC ("Giffels") filed a responsive pleading, TK Stainless filed an Amended Complaint (Doc. 4) March 29, 2012. On June 13, 2012, again before Giffels had filed a responsive pleading, TK Stainless filed a Second Amended Complaint (Doc. 5), adding ThyssenKrupp Steel and Stainless USA, LLC ("TK S&S") as a Plaintiff.[1] All complaints alleged diversity pursuant to 28 U.S.C. § 1332 as the sole basis for the

---

[1] "A party may amend its pleading **once** as a matter of course . . ." Fed. R. Civ. P. 15(a)(1) (emphasis added). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Court notes (Continued)

Court's subject-matter jurisdiction. On July 13, 2012 Giffels filed its Answer to the Second Amended Complaint and Counterclaim (Doc. 7), also alleging diversity as the sole basis of subject-matter jurisdiction.

On June 4, 2013, the Court, after a review of the record, *sua sponte* ordered Plaintiffs to file an amended complaint properly alleging the citizenships of the limited liability companies ("LLCs") so that the requisite diversity of citizenship under § 1332 could be determined. (Doc. 36). On June 12, 2013, in response to the Court's Order Plaintiffs filed their Third Amended Complaint, which alleged the following facts regarding the parties citizenships:

> 1. At the time this suit was commenced, Plaintiff ThyssenKrupp Stainless USA, LLC, n/k/a Outokumpu Stainless USA, LLC, was a foreign limited liability company licensed to do business, and in fact doing business, in the State of Alabama. The sole member of ThyssenKrupp Stainless USA, LLC was Inoxum Holding USA, Inc., a Delaware corporation with its principal place of business in Calvert, Alabama. Therefore, ThyssenKrupp Stainless USA, LLC is deemed to be a citizen of Delaware and Alabama for the purposes of diversity.
>
> 2. At the time this suit was commenced, Plaintiff ThyssenKrupp Steel and Stainless USA, LLC, n/k/a ThyssenKrupp Steel USA, LLC, was a foreign limited liability company licensed to do business, and in fact doing business, in the State of Alabama. The sole member of ThyssenKrupp Steel and Stainless USA, LLC was ThyssenKrupp USA, Inc., a Delaware corporation with its principal place of business in Chicago, Illinois. Therefore, ThyssenKrupp Steel and Stainless USA, LLC, n/k/a ThyssenKrupp Steel USA, LLC is deemed to be a citizen of Delaware and Illinois for the purposes of diversity . . .
>
> 3. At the time this suit was commenced, Defendant Giffels was a foreign limited liability company licensed to do business, and in fact doing business, in the State of Alabama, having registration number 608-051 with the Alabama Secretary of State. The sole member of Giffels was Giffels Holdings America, the assumed name of Norr, LLC, a limited liability company having Mr. Victor Smith has its sole member;

---

that TK Stainless did not seek the Court's leave in filing the Second Amended Complaint, nor did it indicate that Giffels had consented in writing to its filing.

> Mr. Victor Smith was and is a resident of Toronto, Ontario, Canada. Therefore, Giffels is deemed to be a citizen of Canada for the purposes of diversity . . .

(Doc. 37 at 1-2).

In its Answer to the Third Amended Complaint and Counterclaim, Giffels did not challenge the Plaintiffs' allegations of their own citizenships.[2] However, as to its own citizenship, Giffels alleged:

> At the time this suit was commenced, Giffels was a limited liability company formed pursuant to the laws of the State of Michigan. Giffels' principal place of business exists in Michigan. At the time the suit was commenced, Giffels was comprised of one member, Giffels, Inc., a corporation formed pursuant to the laws of the State of Delaware. Giffels, Inc.'s principal place of business exists in Michigan.

(Doc. 41 at 1, ¶ 3; 12, ¶ 1).

Plaintiffs filed a motion (Doc. 42) to strike Giffels's jurisdictional allegations, attaching evidence supporting their allegations as to Giffels' citizenship. In its response (Doc. 44) to the motion to strike, Giffels stood by its jurisdictional allegations but presented no evidence in support. The Court denied the motion to strike as procedurally improper but ordered Giffels to file documentation in support of its jurisdictional allegations. (Doc. 45). Giffels has done so. (Doc. 46).

After Giffels filed its documentation regarding jurisdiction, Plaintiffs filed their Motion to Stay Litigation Pending Completion of Arbitration (Doc. 48), stating that they are now invoking arbitration clauses in the contracts at issue in this action and requesting that this action be stayed pending such arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3. Giffels has moved that it be allowed to respond to this motion. (Doc. 50).

**II.    Subject-Matter Jurisdiction**

"It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are

---

[2] Though Giffels denied those allegations in its Answer (Doc. 41 at 1, ¶¶ 1-2), it then alleged substantially the same facts as to Plaintiffs' citizenships in its Counterclaim (Id. at 12, ¶¶ 2-3).

"empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution," and which have been entrusted to them by a jurisdictional grant authorized by Congress." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (quoting Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Id. at 410.

One such grant of jurisdiction, and the only jurisdictional basis alleged in this action, is diversity pursuant to § 1332, which states, *inter alia*:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> **(1)** citizens of different States;
>
> **(2)** citizens of a State and citizens or subjects of a foreign state . . .

"Where jurisdiction is predicated on diversity of citizenship, all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction . . ." Ray v. Bird & Son & Asset Realization Co., Inc., 519 F.2d 1081, 1082 (5th Cir. 1975) (citing Mas v. Perry, 489 F.2d 1396 (5th Cir. 1974)).[3] "The pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include 'a short and plain statement of the grounds upon which the court's jurisdiction depends.' " Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (quoting Fed. R. Civ. P. 8(a)). As the Court has stated previously (Doc. 45 at 3), Plaintiffs have met their burden of pleading diversity by the filing of their Third Amended Complaint.

---

[3] The Eleventh Circuit has adopted as binding precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

However, Giffels has alleged different facts regarding its citizenship that, if true, establish that complete diversity of citizenship between the parties is absent. All parties agree that, at the time this action was commenced,[4] the sole member of each Plaintiff LLC was a corporation organized under the laws of Delaware, thus making both Plaintiffs Delaware citizens.[5] Plaintiffs allege that, at the time this action was commenced,[6] Giffels was an LLC whose "sole member . . . was Giffels Holdings America, the assumed name of Norr, LLC, a limited liability company having Mr. Victor Smith[, a citizen of Canada,] has [*sic*] its sole member." (Doc. 37 at 2, ¶ 3). Thus, under Plaintiffs' allegations, Giffels would be considered a citizen of Canada and complete diversity of citizenship would be present. However, Giffels has alleged that, "[a]t the time the suit was commenced, Giffels was comprised of one member, Giffels, Inc., a corporation formed pursuant to the laws of the State of Delaware. Giffels, Inc.'s principal place of business exists in Michigan." (Doc. 41 at 1, ¶ 3; 12, ¶ 1). Thus, under Giffels's allegations, Giffels would be considered a citizen of Delaware, as are both Plaintiffs, and complete diversity would not be present.

"When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." Hertz Corp. v. Friend, 559 U.S. 77, 96-97 (2010). "It is the burden of the party seeking federal jurisdiction to demonstrate that diversity exists by a preponderance of the

---

[4] For purposes of diversity, the relevant citizenships of the parties are those at the time the case was filed. Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 570-71 (2004).

[5] See Rolling Greens, MHP, L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020, 1022-23 (11th Cir. 2004) (For purposes of assessing diversity of citizenship, "a limited liability company is a citizen of any state of which a member of the company is a citizen."); § 1332(c)(1) ("For the purposes of this section . . . a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

[6] For purposes of diversity, the relevant citizenships of the parties are those at the time the case was filed. Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 570-71 (2004).

evidence." Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1340 (11th Cir. 2011).[7] Accordingly, the Court must examine and weigh the evidence the parties have submitted in support of their respective jurisdictional allegations.

In support of its allegations as to Giffels' citizenship, Plaintiffs have submitted a copy of Articles of Organization for Giffels, LLC filed February 25, 2005, with the Michigan Department of Consumer and Industry Services (Doc. 42-1). The Articles of Organization are signed by Giffels Holdings America, Inc. that same day "as the sole member of the LLC . . ." (Id. at 4). Plaintiffs have also submitted a copy of a Certificate of Assumed Name filed February 22, 2013, with the Michigan Department of Licensing and Regulatory Affairs, representing that "Giffels Holdings America" is the "assumed name under which business is to be transacted" of Norr, LLC. (Doc. 42-2 at 2).[8]

In response to this evidence, Giffels has submitted the affidavit of James Fox ("Fox"), manager of IBI Group Michigan, LLC, which he avers is Defendant Giffels's current name[9] (Doc. 46). The affidavit was executed July 29, 2013. Fox agrees that, at the time its Articles of Incorporation were filed with the State of Michigan in 2005, the sole member of Defendant Giffels was Giffels Holdings America, Inc. However, Fox avers that both Defendant Giffels and Giffels,

---

[7] Giffels would beg to differ that it has "challenged" jurisdiction, as it represents that it has merely been responding to the Court's orders and that "[u]ntil the Court entered its order, current counsel was satisfied from the pleadings that diversity existed, and was and is satisfied litigating this case in Federal District Court." (Doc. 46 at 2, ¶ 6). However, it is well established that "jurisdiction cannot be created by consent." Mallory & Evans Contractors & Engineers, LLC v. Tuskegee Univ., 663 F.3d 1304, 1304 (11th Cir. 2011) (per curiam).

[8] The Court does not consider to be competent evidence Plaintiffs' printout of a search of Norr, LLC's corporate profile conducted on www.corporationwiki.com on July 9, 2013 (Doc. 42-3). In any event, the printout merely indicates that an individual named Victor Smith, who has unspecified connections to both Ontario, Canada, and Detroit, Michigan, is a member of Norr, LLC.

[9] The Court notes that Giffels also referred to itself as "IBI Group Michigan, LLC f/k/a Giffels, LLC" in its Answer to the Third Amended Complaint and Counterclaim (Doc. 41).

Inc. were purchased by IBI Group in July 2008, after which Defendant Giffels's sole member was initially IBI Group Subco, Inc. Fox further avers that on March 26, 2009, IBI Group Subco, Inc. transferred its entire membership interest in Defendant Giffels to Giffels, Inc. (a signed and notarized Assignment of LLC Membership Interest (Doc. 46 at 9) reflecting this is referred to in and attached to the affidavit). Finally, Fox avers that, as of March 14, 2012 (the date this action was commenced), the sole member of Defendant Giffels was Giffels, Inc., "a corporation formed pursuant to the laws of the State of Delaware." (Doc. 46 at 5, ¶ 6).

Upon consideration of the record evidence, the Court finds that Plaintiffs have failed to demonstrate by a preponderance of the evidence that diversity of citizenship existed at the time this action was commenced. Plaintiffs' evidence establishes only that, as of February 25, 2005, when its Articles of Organization were filed, the sole member of Giffels was Giffels Holdings America, Inc. Plaintiffs have not submitted sufficient evidence that contradicts or calls into doubt Giffels's competent evidence establishing that, at the time this action was commenced on March 14, 2012, the sole member of Giffels was a corporation formed under the laws of Delaware.[10]

---

[10] The two cases cited by Plaintiffs (Doc. 49 at 3-4) to support their contention that they have adequately demonstrated diversity of citizenship are distinguishable.

In Aurora Loan Services, LLC v. Sadek, 809 F. Supp. 2d 235 (S.D.N.Y. 2011), a party merely challenged jurisdiction by arguing that the plaintiff "ha[d] not provided a comprehensive list of all members" of two party LLCs, without affirmatively offering evidence that diversity did not. 809 F. Supp. 2d at 239. The court held that "[a]lthough the supporting documents are hardly a model of precision, Plaintiff need only show diversity by a preponderance of the evidence. . . rectified its pleadings with the [Second Amended Complaint], in which it alleges both the membership and citizenship of each defendant. These allegations are certified and signed by an officer of the Court subject to Rule 11, and I am constrained to accept them as true. Between that and the Sandelands' Declaration—asserting diversity on pain of perjury—I conclude that the plaintiff has sufficiently shown that the parties are completely diverse." Id. at 239-40 (internal citations omitted). In this case, competent evidence has been presented to rebut Plaintiffs' allegations of diversity.

In Discovery Ortho Partners, LLC v. Osseous Technologies of America, Inc., No. 10 CV 1729 (HB), 2010 WL 3239428 (S.D.N.Y. Aug. 17, 2010), the parties supported their respective
(Continued)

Accordingly, the Court finds that complete diversity of citizenship did not exist at the time this action was brought, as at that time all parties were considered citizens of the State of Delaware. Therefore, subject-matter jurisdiction over this action cannot be supplied by § 1332. As no other basis for subject-matter jurisdiction has been alleged or is apparent from the record, the Court finds that it lacks subject-matter jurisdiction over this action.

**III.    Motion to Stay**

"Rather than continue down a path of litigation with uncertainty related to Giffels' true citizenship," Plaintiffs have now announced their intention to "exercise[] their contractual right to arbitration" pursuant to provisions in the contracts at issue. (Doc. 49 at 4, ¶ 11). To that end, Plaintiffs have requested an order staying this action pending completion of arbitration, pursuant to the FAA, 9 U.S.C. § 3. (Doc. 48).

However, "once a federal court determines that it is without subject matter jurisdiction, the

---

contentions as to the membership makeup of the plaintiff LLC with contradictory declaratory and affidavit evidence. 2010 WL 3239428, at *3. Noting that "[n]otably absent from either party's submissions is any documentary evidence directly related to the LLC's membership, such as a charter or tax returns, which could provide more definitive proof of [the plaintiff's membership[,]" the court found that, "[b]ased on the limited facts presented, . . . Plaintiff has sufficiently established diversity jurisdiction at the pleading stage." Id. at *3-4. In this case, Plaintiffs have submitted no evidence directly contradicting or discrediting that presented by Giffels. Moreover, Giffels has, in addition to affidavit evidence, submitted a notarized Assignment of LLC Membership Interest indicating that all membership rights in Giffels, LLC had been transferred to Giffels, Inc., a Delaware corporation, after the filing of Giffels's Articles of Organization (upon which Plaintiffs have relied in support of diversity) and before this action was commenced.

court is powerless to continue . . . 'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.' " Univ. of S. Ala., 168 F.3d at 410 (quoting Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868)). Accord Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000) ("[L]ower federal courts are empowered to hear only cases for which there has been a congressional grant of jurisdiction, and once a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." (citing Univ. of S. Ala., 168 F.3d at 409-10)).

Though Plaintiffs correctly note that "[t]he FAA creates a strong federal policy in favor of arbitration[,]" under which "courts rigorously enforce arbitration agreements[,]" Picard v. Credit Solutions, Inc., 564 F.3d 1249, 1253 (11th Cir. 2009) (quotation marks omitted), the FAA " 'bestow[s] no federal jurisdiction but rather requir[es] [for access to a federal forum] an independent jurisdictional basis' over the parties' dispute."[11] Vaden v. Discover Bank, 556 U.S. 49, 59 (2009) (quoting Hall Street Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 581-582, 128 S. Ct. 1396, 1402, 170 L. Ed. 2d 254 (2008)). See also Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997) ("[T]he [Supreme ]Court has ruled that FAA sections 3 and 4 do not confer subject matter jurisdiction on federal courts." (citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32 (1983), and Southland Corp. v. Keating, 465 U.S. 1, 15 n.9 (1984))). As stated *supra*, the Court has found that it does not have "an independent jurisdictional basis over the parties' dispute." Vaden, 556 U.S. at 59. As such, the Court is "is powerless to continue" in this action and its "only function remaining" is to dismiss. Univ. of S. Ala., 168 F.3d at 410 (quotation omitted).

---

[11] "Chapter 2 of the FAA, not implicated here, does expressly grant federal courts jurisdiction to hear actions seeking to enforce an agreement or award falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards." Vaden, 556 U.S. at 59 n.9.

Accordingly, Plaintiffs' motion to stay (Doc. 48) is due to be **DENIED** for lack of subject-matter jurisdiction; consequently, Giffels's motion for time to respond to Plaintiffs' motion to stay (Doc. 50) is due to be **DENIED** as moot.

**IV. Conclusion**

In accordance with the foregoing analysis, it is **ORDERED** that Plaintiffs' motion to stay (Doc. 48) is **DENIED** for lack of subject-matter jurisdiction; that Giffels's motion for time to respond to Plaintiffs' motion to stay (Doc. 50) is **DENIED** as moot; and that this action is **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

Judgment in accordance with this Order shall issue by separate document.

**DONE** and **ORDERED** this the **7th** day of **August 2013**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**